IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shaun Wayne Wiles, #284696, | ) CIVIL ACTION NO. 9:09-0634-CMC-BM |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Jon E. Ozmint, Director of the South Carolina | ) |
| Department of Corrections; Robert Ward, | ) |
| Director for the Division of Operations of SCDC; | ) |
| James Sligh, Operations Coordinator for the | ) |
| Division of Operations of SCDC; Bernard McKie, | ) |
| Warden of Kirkland Correctional Institution; | ) |
| Dr. Russell Campble, Former Medical Director | ) |
| of SCDC; Dr. Michael Beinor, Current Medical | ) |
| Director of SCDC; and Dr. John Solomon, | ) |
| Mental Health Director of SCDC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983.

Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his

constitutional rights. Presently before the Court is a motion filed by the Plaintiff for a preliminary

injunction. Defendants oppose Plaintiff's motion.

Plaintiff alleges in his verified complaint[1] that he is a prisoner in a maximum security

_____

[1]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits.
Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint.
(continued...)

1



unit (MSU) and that the lights in his cell are kept on twenty-four (24) hours a day. Plaintiff alleges

that this constant cell illumination "has and continues to cause him sufficiently serious physical and

psychological ailments", and also has "a potential of causing [Plaintiff] very serious physical and

psychological ailments in the future." In his motion for a preliminary injunction, Plaintiff seeks an

order from this Court requiring the Defendants to suspend his twenty four (24) cell illumination

pending resolution of this lawsuit.

In determining whether Plaintiff should be awarded the injunction he seeks, the Court

should balance the following four factors: 1) the likelihood of irreparable harm to the Plaintiff if the

injunction is not granted; 2) the likelihood of harm to the Defendants if the injunction is granted; 3)

the likelihood that the Plaintiff will succeed on the merits; and 4) the public interest. Blackwelder

Furniture Co. of Statesville, Inc. v. Seilig Manufacturing Co., Inc., 550 F.2d 189, 195-196 (4th Cir.

1977); Hughes Network Systems v. InterDigital Com. Corp., 17 F.3d 691, 693 (4th Cir. 1994);

Safety-Kleen, Inc. v. Wyche, 274 F.3d 846, 858-859 (4th Cir. 2001). Based on the filings and

arguments presented, the undersigned finds that Plaintiff has failed to show a sufficient likelihood

that he will succeed on the merits of his claim to entitle him to the extraordinary remedy of the

granting of a preliminary injunction, nor has he met this standard in showing a likelihood of

irreparable harm or that the issuance of such an injunction would be in the public interest.

First, it must be noted that Plaintiff has previously litigated his claim of an alleged

constitutional violation by virtue of his being kept in a twenty-four hour illuminated cell, and that

summary judgment was granted against him on that claim. See Wiles v. Ozmint, No. 0:05-2111,

---

[1](...continued)

Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint
in issuing a recommendation on Plaintiff's motion.

2



2006 WL 2260136 (D.S.C. Aug. 7, 2006), aff'd 221 Fed.Appx 257 (4th Cir. 2007). Further,

notwithstanding Plaintiff's general and conclusory allegations in his complaint that being kept in a

constantly illuminated cell is causing him serious physical and/or psychological problems, he has

presented no evidence whatsoever to support this assertion, either as an attachment to his complaint

(which includes a letter from a physician talking about the problems caused by twenty-four hour

illumination, but which does not make any medical findings with respect to the Plaintiff), or as an

attachment to his motion or to his reply to the Defendants' response to his motion. In contrast to

Plaintiff's lack of support for his claim, the Defendants have submitted several affidavits from

licensed medical personnel as well as copies of Plaintiff's medical records, in which these medical

experts attest that, either through their own direct examination of the Plaintiff or from a review of

Plaintiff's medical records, Plaintiff is not suffering from any severe medical conditions or ailments

as a result of his being kept in an illuminated cell. See generally Beinor Affidavit; Cross Affidavit;

Williams Affidavit, with attached medical records. Additionally, it was established in Plaintiff's

previous case that he is a security risk, and that the Department of Corrections was justified in having

him assigned to the prison MSU. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295,

1296 (5th Cir. 1970). ["The District Court clearly had the right to take notice of its own files and

records and it had no duty to grind the same corn a second time. Once was sufficient."]. Finally,

the public interest weighs in favor of policies which encourage security in prisons. Nicholas v.

Ozmint, No. 05-3472, 2006 WL 2711852, * 5 (D.S.C. Sept. 20, 2006).

3



Therefore, as Plaintiff has failed to meet the standard for issuance of a preliminary injunction, it is recommended[2] that his motion be **denied**.

The parties are referred to the Notice Page attached hereto.



_____
Bristow Marchant
United States Magistrate Judge

August 18, 2009

Charleston, South Carolina

---

[2]A report and recommendation is required on this motion pursuant to 28 U.S.C. § 636(b)(1)(A). See Milliner v. Champion, No. 91-5159, 1992 WL 142668 (10th Cir. June 23, 1992).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

