IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA


| | |
|---|---|
| Shaun Wayne Wiles, #284696, ) | CIVIL ACTION NO. 9:09-0634-CMC-BM |

Shaun Wayne Wiles, #284696,  ) CIVIL ACTION NO. 9:09-0634-CMC-BM
               )
        Plaintiff,     )
               )
v.                  )
               )
Jon E. Ozmint, Director of the South Carolina )
Department of Corrections; Robert Ward,   )
Director for the Division of Operations of SCDC; )   **REPORT AND RECOMMENDATION**
James Sligh, Operations Coordinator for the  )
Division of Operations of SCDC; Bernard McKie, )
Warden of Kirkland Correctional Institution;  )
Dr. Russell Campble, Former Medical Director )
of SCDC; Dr. Michael Beinor, Current Medical )
Director of SCDC; and Dr. John Solomon,   )
Mental Health Director of SCDC,     )
               )
        Defendants.   )
_____)

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983.

Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his

constitutional rights.

The Defendants filed a motion for summary judgement pursuant to Rule 56,

Fed.R.Civ.P. on June 11, 2009.[1] As the Plaintiff is proceeding pro se, a Roseboro order was entered

---

[1]On that same date, Defendants filed a response to a motion for a preliminary injunction, in which Plaintiff raises many of the same issues asserted by Plaintiff in his complaint, and seeks an injunction prohibiting the twenty-four hour illumination of his cell. A separate Report and
(continued...)

1



by the Court on June 12, 2009, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to adequately respond, the Defendants' motion may be granted, thereby ending his case.

After receiving an extension of time, Plaintiff filed a response in opposition to the Defendants' motion for summary judgment on July 17, 2009. By Order filed July 21, 2009, Plaintiff was also granted additional time to file a response, but the only additional response received was an inquiry from the Plaintiff seeking confirmation that the only issue before the Court on Defendants' motion for summary judgment was the issue of <u>res judicata</u> with respect to Plaintiff's claims.

Defendants' motion for summary judgment, which is in fact solely on the grounds of <u>res judicata,</u> is now before the Court for disposition.[2]

### Plaintiff's Allegations

Plaintiff alleges in his verified complaint[3] that his constitutional rights have been violated because the Defendants "have and continue to deprive the Plaintiff of adequate shelter, medical and mental health care, and reasonable safety by exposing him to inhumane conditions of confinement . . . .". Plaintiff alleges that since July 8, 2005, he has been housed in the maximum

---

[1](...continued)
Recommendation is being issued this date on that motion.

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion this Report and Recommendation is entered for review by the Court.

[3]In this Circuit, verified complaints by <u>pro se</u> prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. <u>Williams v. Griffin</u>, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.

2



security unit (MSU) at his prison, where his cell is illuminated twenty-four hours a day. Plaintiff alleges that this policy "has and continues to cause him [serious physical and psychological ailments], and has a high potential of causing him the very serious said ailments in the future". Plaintiff alleges that the Defendants continue with this policy, even though they could instead install a camera in his cell with night vision capabilities.

Plaintiff also alleges that being held in a constantly illuminated cell places him at a substantial risk of other physical and psychological ailments, such as colon, prostate, bladder and intestinal cancer; heart disease; high blood pressure; strokes, accelerated ageing; mood swings; and immunodeficiency. Additionally, Plaintiff complains that his cell is on a wing that contains "mentally ill inmates . . . . some of whom that are continuously screaming and yelling, signing and talking very loud to themselves, banging on doors, smearing and/or throwing feces, urinating and defecating on the floors and elsewhere, not showering, etc.". Plaintiff alleges that these activities together with his constant cell illumination interfere with his ability to "engage in the basic performs of daily activities to wit: eating, exercise, brushing teeth, and reading; due to the causation of severe migraines, sleep deprivation, fatigue, disorientation, and depression." Plaintiff also alleges that being housed in this manner has caused him to suffer from increased problems with impulse control, and an impaired ability to think, concentrate, or remember.

Plaintiff has attached to his complaint a letter dated May 8, 2008 from Dr. William Hrushesky, a physician at the WJB Dorn Department of Veterans Affairs Medical Center in Columbia, wherein Dr. Hrushesky opines that there is a clear connection between light exposure at night and a wide variety of illnesses, including growth rates of "experimental" cancers probably mostly caused by suppressing melatonin. Dr. Hrushesky refers to this phenomenon as "circadian



disruption", and states that the best way to prevent illnesses from light exposure at night is to have at least eight hours of uninterrupted nocturnal darkness each night so that melatonin production is not prohibited. Dr. Hrushesky also states in this letter that other enforcers of healthy circadian time structure include regular schedules of sleep, wake and eating with daily morning exercise, and daily morning bright light exposure. See Exhibit 1 to Plaintiff's Complaint.

Plaintiff also alleges in his complaint that he has submitted numerous Request to Staff forms asking that the light be turned off in his cell, to no avail; see Exhibit B to Plaintiff's Complaint [Request to Staff Forms]; and that he has exhausted his administrative remedies with respect to this claim. Plaintiff has attached to his complaint as Exhibit C documents that he contends support this assertion, one of which, a copy of inmate correspondence dated July 24, 2008 to the Plaintiff from the Defendant Robert Ward, Director of Division Operations for the Department of Corrections, reads in part:

> Inmate Wiles, your SCDC record reflects that you have three Class I Escapes and one in which you attempted to escape from MSU at Kirkland. Because of those Escapes, you have been listed as a security risk inmate and placed in MSU. Due to escaping from your cell while at MSU, a decision was made that you should be placed in a camera cell and that the lights be left on 24 hours a day for constant surveillance.
>
> This procedure was put in place for all inmates at MSU that have tried to Escape while being housed at MSU. It is my understanding that you filed a lawsuit in reference to this procedure and the Judge ruled in the State's favor based on the aforementioned details.

See Plaintiff's Complaint, Exhibit C-10.

In this lawsuit, Plaintiff seeks a preliminary and permanent injunction against the Defendants preventing them from housing him in a constantly illuminated cell and exposing him to mentally ill inmates, a complete physical examination, and monetary damages. See generally Verified Complaint with attached Exhibits.



**Discussion**

The lawsuit referred to by the Defendant Ward in Exhibit C-10 is <u>Wiles v. Ozmint</u>, No. 05-2111, 2006 WL 2260136 (D.S.C. Aug. 7, 2006).  In that lawsuit, as in the case at bar, Plaintiff complained about being housed in the MSU including that the light in his cell was kept on twenty-four hours a day interrupting his sleep/wake up cycle and causing him mental anguish, pain and suffering, as well as other adverse conditions of his confinement.  Plaintiff's claims in that case were dismissed on summary judgment, and affirmed on appeal.  <u>Id</u>; <u>see also</u> <u>Wiles v. Ozmint</u>, 221 Fed.Appx. 257 (4th Cir. 2007).  Defendants assert in their motion for summary judgment that, as Plaintiff's claims have previously been considered and rejected by this Court, this case should be dismissed pursuant to the principle of <u>res judicata</u>, which is designed to prevent a second attempt to revisit the same cause of action between the same parties.  <u>See</u> <u>U.S. v. Tatum</u>, 943 F.2d 370, 381 (4th Cir. 1991).

To establish  <u>res judicata</u> as a bar to this litigation, the Defendants must demonstrate the following three elements: 1) identity of the parties or their privies in the two suits; 2) identity of the subject matter in both the earlier and the later suit; and 3) a final determination on the merits of the claim in the prior proceeding.  <u>Briggs v. Newberry County Sch. District</u>, 838 F.Supp. 232, 235 (D.S.C. 1992), <u>aff'd.</u>, 989 F.2d 491 (4th Cir. 1993); <u>Andrews v. Daw</u>, 201 F.3d, 521, 524 (4th Cir. 2000).  There was certainly a final judgment on the merits in Plaintiff's prior suit, which was dismissed with prejudice on summary judgment and affirmed on appeal by the Fourth Circuit Court of Appeal.  <u>Wiles v. Ozmint</u>, <u>supra</u>. Therefore, that element for establishing <u>res judicata</u> is met. Additionally, two of the seven Defendants named in this case (Ozmint and McKee) are the same Defendants who were named in Plaintiff's previous lawsuit, and the remaining Defendants, who are

5



all also employees of the Department of Corrections, qualify as privies.  Cf. Bells v. Ozmint, No. 06-2266, 2007 WL 1862668, at * 2, and n. 2 (D.S.C. Jun. 6, 2007).  Therefore, the first element for establishing  res judicata is also present.

Finally, since the issue of Plaintiff's twenty-four hour cell illumination was litigated and rejected by the Court in that prior lawsuit, the element of identity of the subject matter of the litigation has been met, thereby establishing the Defendants entitlement to res judicata with respect to the issue of the constitutionality of the twenty-four hour cell illumination policy in general, as well as Plaintiff's claim of having been subjected to this policy through the date of the decision in that lawsuit.  Wiles v. Ozmint, supra; Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)[a federal court may take judicial notice of the contents of its own records]; see also Chavarria v. Stacks, 102 Fed.Appx. 422, 436-437 (5th Cir. July 20, 2004)[policy of constant illumination was reasonably related to the legitimate penalogical interest of guard security and enforcement of the policy did not violate the Eighth Amendment]; Murray v. Edward's County Sheriff's Department, 248 Fed.Appx. 993, 998-999 (10th Cir. Oct. 1, 2007)[upholding summary judgment for Defendant jail officials on grounds that detainee had failed to establish that his sleep problems from continuous cell illumination were sufficiently severe to trigger the Eighth Amendment], cert. denied, _____ U.S. _____, 128 S.Ct. 2428 (2008); King v. Frank, 371 F.Supp. 2d 977, 984-985 (W.D.Wis. 2005).

However, although the SCDC's policy of twenty-four hour cell illumination for certain inmates, including with respect to the Plaintiff in this case, was found to pass constitutional muster in Wiles v. Ozmint, supra, Plaintiff may still establish a valid constitutional claim in the case at bar if he can show through competent evidence that his *continued* placement in a cell with twenty-



four hour illumination has, *since the conclusion of his previous case*, resulted in a serious medical condition or conditions such that to require him to remain in such a condition of custody would amount to deliberate indifference to his serious medical needs. Pruitt v. Moore, No. 02-395, 2003 WL 23851094, at * 9 (D.S.C. Jul. 7, 2003)[Deliberate or callous indifference on the part of prison officials to a specific known risk of harm states an Eighth Amendment claim], cert. denied, 2004 WL 232748 (4th Cir. 2004); Levy v. State of Ill. Dept. of Corrections, No. 96-4705, 1997 WL 112833 (N.D.Ill. Mar. 11, 1997)["A defendant acts with deliberate indifference . . . if he or she 'knows of and disregards' an excessive risk to inmate health or safety]; cf. Reed v. Pearson, No. 91-2628, 1992 WL 230248 at * 5 (7th Cir. Sept. 17, 1992)[Claim of unsanitary conditions in mess hall not barred by doctrine of res judicata where Plaintiff may be able to show that conditions have changed or worsened]. Therefore, the Defendants are not entitled to dismissal of Plaintiff's case on the grounds of res judicata with respect to any claim being asserted by the Plaintiff that he has suffered serious mental or physical problems as a result of twenty-four hour cell illumination since the conclusion of his previous action.

Finally, a review of Plaintiff's previous case shows that the second issue Plaintiff is raising in the case at bar (that his constitutional rights are being violated by virtue of being kept in the same unit with mentally ill inmates, with all the problems attendant to being in close proximity to such inmates), was neither raised nor addressed in Plaintiff's previous case. Therefore, the Defendants are also not entitled to dismissal of this claim on the basis of res judicata. See Rule 56, Fed.R.Civ.P. [the moving party has the burden of proving that judgment on the pleadings is appropriate]; Cruz v. Beto, 405 U.S. 319 (1972)[Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case].



## **Conclusion**

Based on the foregoing, it is recommended that the Defendants' Motion for summary judgment on the grounds of <u>res judicata</u> be **granted** with respect to any claim being asserted in the case at bar contesting the constitutionality of the SCDC's twenty-four hour cell illumination policy, or how this policy has been applied to the Plaintiff and/or any resulting effects on the Plaintiff of this policy prior to the entry of judgment in Plaintiff's previous case. However, Defendants' motion should be **denied**, and Plaintiff should be allowed to continue with his cell illumination claim, to the extent he is asserting that his incarceration under this condition has resulted in serious mental or physical problems since the decision in his previous case. The Defendants' motion should also be **denied** with respect to Plaintiff's claims concerning being housed with mentally ill inmates.

If the Court adopts the recommendation set forth herein, on remand of the case to the undersigned a schedule will be entered for the completion of any remaining discovery and for the filing of dispositive motions.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

August 18, 2009

Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

