IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Shaun Wayne Wiles, #284696, | ) | C.A. No. 9:09-634-CMC-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Jon E. Ozmint, Director of the South | ) | |
| Carolina Department of Corrections; Robert | ) | |
| Ward, Director for the Division of | ) | |
| Operations of SCDC; Bernard McKie, | ) | |
| Warden of Kirkland Correctional | ) | |
| Institution; Dr. Russell Campble, Former | ) | |
| Medical Director of SCDC; and Dr. John | ) | |
| Solomon, Mental Health Director of SCDC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation. On August 18, 2009, the Magistrate Judge issued two Reports recommending that Defendants' motion for summary judgment be granted in part and denied in part, and recommending that Plaintiff's motion for preliminary injunction be denied. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if they failed to do so. No objections have been filed to either Report and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has

1

no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants have moved for summary judgment in this matter, asserting the *res judicata* effect of Plaintiff's prior lawsuit, *Wiles v. Ozmint*, D.S.C. C/A No. 0:05-2111-CMC-BM ("*Wiles I*"). The Magistrate Judge recommended granting Defendants' motion as to those claims which may have arisen prior to the disposal of *Wiles I*, and that Defendants' motion should be denied as to Plaintiff's claims arising since the conclusion of *Wiles I*.

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusion of the Magistrate Judge as to Defendants' motion for summary judgment. Accordingly, the court adopts and incorporates the Report and Recommendation (Dkt. # 37) by reference in this Order.

Defendants' motion for summary judgment is **granted** with respect to any claim being asserted in the case at bar contesting the constitutionality of SCDC's twenty-four hour cell

2

illumination policy as to any alleged effects on Plaintiff prior to the entry of judgment in *Wiles I*. Defendants' motion is **denied** as to Plaintiff's claims allegedly arising since the conclusion of his previous lawsuit. Defendants' motion is also **denied** with respect to Plaintiff's allegations relating to being housed with mentally ill inmates.

### PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

In a separate Report, Magistrate Judge Marchant recommended denying Plaintiff's motion for preliminary injunction, based on an assessment of Plaintiff's motion under *Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing Co., Inc.*, 550 F.2d 189 (4th Cir. 1977). However, the United States Supreme Court recently articulated a different standard than has been applied in the Fourth Circuit since *Blackwelder*. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. ___, 129 S. Ct. 365 (2008). The Fourth Circuit has recognized that the *Blackwelder* "balancing test" "stands in fatal tension with the Supreme Court's 2008 decision in *Winter*." *The Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 346 (2009).[1]

Notwithstanding the fact that *Blackwelder* is no longer viable in this circuit, a *de novo* review of Plaintiff's motion produces the same result as that recommended by the Magistrate Judge. Therefore, the court adopts the Report's conclusion that Plaintiff's motion for preliminary injunction should be denied. Plaintiff's submissions in support of his motion do not establish that he will likely

---

[1]The Court held in *Winter* that to succeed on a motion for preliminary injunction, Plaintiff must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 129 S. Ct. at 374. All four requirements must be satisfied. *Id*. Indeed, the Court in *Winter* rejected a standard that allowed a plaintiff to demonstrate only a "possibility" of irreparable harm because that standard was "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 375-76.

succeed on the merits of this action. *Winter*, 129 S. Ct. at 374, 376. Nor has he made a clear showing that he will likely be irreparably harmed absent preliminary relief. *Id.* at 374-76.

Plaintiff's motion for preliminary injunction is **denied**.

**CONCLUSION**

Defendants' motion for summary judgment (Dkt. # 23) is **granted in part and denied in part**. Plaintiff's motion for preliminary injunction (Dkt. # 14) is **denied**.

This matter is re-referred to the Magistrate Judge for further pretrial proceedings.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

October 20, 2009
Columbia, South Carolina

C:\Documents and Settings\Guest\Local Settings\Temp\notesFFF692\09-634 Wiles v. Ozmint adopt rr gidi sumjm res judicata deny prelim inj.wpd