IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Shaun Wayne Wiles, #284696, | ) | C.A. No. 9:09-634-CMC-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION and ORDER** |
| | ) | |
| Jon E. Ozmint, Director of the South | ) | |
| Carolina Department of Corrections; Robert | ) | |
| Ward, Director for the Division of | ) | |
| Operations of SCDC; James Sligh, | ) | |
| Operations Coordinator for the Division | ) | |
| of Operations of SCDC; Bernard McKie, | ) | |
| Warden of Kirkland Correctional | ) | |
| Institution; Dr. Russell Campble, Former | ) | |
| Medical Director of SCDC; Dr. Michael | ) | |
| Beinor, Current Medical Director of SCDC; | ) | |
| and Dr. John Solomon, Mental Health | ) | |
| Director of SCDC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* motion for reconsideration. Dkt. #125 (filed Feb. 28, 2011). Defendants have responded in opposition.

The Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment: "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge."

1

*Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625 (S.D. Miss. 1990).

Plaintiff does not seek to reopen the judgment based upon the first two circumstances noted above.  Therefore, it appears Plaintiff seeks to reopen the judgment to correct an error of law or prevent an alleged manifest injustice.  Plaintiff presents a litany of complaints regarding what he considers errors by this court:  failing to give "proper consideration" to affidavits; misinterpreting and taking out of context certain statements and interposing the court's "merely subjective view into the record of this case"; and an improper application of the summary judgment standard.  Mot. at 1, 2.

Plaintiff's arguments operate to try and convince this court that its analysis of the summary judgment motion was incorrect.  Plaintiff has not established any clear error by this court, nor can his subjective view of the merits of the matter ultimately determine whether a manifest injustice occurred when this court granted summary judgment.

Plaintiff's motion for reconsideration is **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 18, 2011

2